# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 97-1832

_____

| | | |
|---|---|---|
| PAINTERS LOCAL UNION NO. 109 PENSION FUND, AND JAMES KING, LARRY CURTICE, AND ROBERT BRIGGS, JR. IN THEIR CAPACITIES AS TRUSTEES FOR PAINTERS LOCAL UNION NO. 109 PENSION FUND, | * * * * * * * | |
| | * | Appeal from the United States |
| | * | District Court for the District of |
| Plaintiff, | * | Nebraska |
| | * | |
| v. | * | |
| | * | |
| SMITH BARNEY INC. AND ROBERT NIXON, | * * | |
| | * | |
| Defendant. | * | |

_____

Submitted: November 20, 1997
Filed: January 7, 1998

_____

Before BOWMAN, MURPHY, Circuit Judges, and CONMY[1], District Judge.

_____

CONMY, District Judge.

_____

[1]The Honorable Patrick A. Conmy, United States District Judge for the District of North Dakota, sitting by designation.

Smith Barney, Inc. & Robert Nixon ("Smith Barney") were involved in the management of the Painter's Local Union No. 109 Pension Fund ("Fund"). The Fund alleges that the managers breached a fiduciary duty to the Fund by dealing in certain securities in which Smith Barney had an ownership interest.

Pursuant to the fund management agreement, the Fund demanded arbitration of this claim before an NASD arbitration panel. Smith Barney refused to arbitrate, stating that the matter was time barred.

On March 18, 1996, Smith Barney sued in the State District Court of Nebraska asking that the Fund be enjoined from compelling arbitration, on the premise that the matter was time barred. The Fund attempted to remove the action to federal court claiming that a federal question was involved as the Fund operation was governed by the provisions of ERISA, which preempted the state court action. The federal district court remanded to state court, and the Fund appealed from the remand order. That appeal was dismissed by this court.

The state court ruled in favor of Smith Barney and issued an injunction prohibiting the Fund from further efforts to enforce arbitration. That decision has been appealed to a Nebraska appellate court and is pending.

The Fund then filed the present federal action, again alleging jurisdiction based on ERISA. The new action was dismissed for lack of subject matter jurisdiction. The Fund's appeal of this dismissal is currently before the court. However, the analysis must begin with the remand of the first case.

A remand decision is generally not an appealable order. See 28 U.S.C. § 1447(d). "[W]ith the exception of civil rights cases, 'an order remanding a case to the State court is not reviewable on appeal or otherwise.' The Supreme Court has narrowly construed this restriction, however, and explained that only cases remanded

under 28 U.S.C. § 1447(c) are subject to this nonreviewability provision." <u>Transit Casualty Co. v. Certain Underwriters at Lloyd's of London</u>, 119 F.3d 619, 623 (8th Cir. 1997) (citations omitted). There are two grounds for remand under § 1447(c), (1) defect in the removal procedure, and (2) lack of subject matter jurisdiction. <u>See Id</u>.

Both the Magistrate's remand order and the District Judge's affirmance of that order stated that the original action was remanded for lack of subject matter jurisdiction. They addressed the Fund's concern that jurisdiction was conferred by ERISA's preemption of state law. A decision on preemption is still a decision that subject matter jurisdiction is not present. <u>See</u> <u>Hansen v. Blue Cross Blue Shield of California</u>, 891 F.2d 1384, 1388 (9th. Cir. 1989) (decision that ERISA did not preempt claims was within the scope of 28 U.S.C. § 1447(c), and therefore not reviewable). Since the original action was remanded under § 1447(c), that decision can not be reviewed.

The present action has the same issues and the same parties as the original action. This makes it a collateral attack on the original remand order. It is improper for the Fund to do collaterally that which it could not do directly. <u>See</u> <u>New Orleans Public Service, Inc. v. Majoue</u>, 802 F.2d 166, 168 (5th Cir. 1986) (per curium).

Therefore, this matter is not properly before the court and the appeal is dismissed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.