**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

_____

No. 98-20077

_____

JACKIE SMITH,

Plaintiff-Appellee,

versus

TEXAS CHILDREN'S HOSPITAL, ET AL,

Defendants,

TEXAS CHILDREN'S HOSPITAL,

Defendant-Appellant.

Appeals from the United States District Court
for the Southern District of Texas

May 3, 1999

Before JONES, SMITH, and EMILIO M. GARZA, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

Texas Children's Hospital appeals an order remanding this case to Texas state court. We

conclude that we lack jurisdiction to review the order of remand, and dismiss the appeal.

I

Jackie Smith ("Smith") filed suit in Texas state court against Texas Children's Hospital

("Texas Children's"), alleging entitlement to long-term disability benefits under various state-law

causes of action.[1] Texas Children's removed the action to federal district court on the grounds that the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq.* ("ERISA"), completely preempted all of her claims.[2] Texas Children's moved for summary judgment, arguing that ERISA preempted all of Smith's state law claims because they "relate[d] to" a qualified employee benefit plan.[3] Smith amended her complaint to delete her previous state-law claims and to add claims of common law estoppel under state law and denial of benefits under ERISA. The district court granted Texas Children's motion for summary judgment as to the estoppel and ERISA claims. The court found that a fraudulent-inducement claim could exist that was not preempted and, as a result, remanded that claim to state court. Texas Children's appealed the remand order on the grounds that, when Smith amended her complaint, she failed to preserve a state-law fraudulent-inducement claim. It also argued that ERISA would preempt such a claim. We remanded the case to the district court with instructions for the court to consider whether Smith had preserved a fraudulent-inducement claim that survived ERISA preemption. *See Smith v. Texas Children's Hosp.,* 84 F.3d 152, 153, 157 (5th Cir. 1996).

Following remand, Smith amended her complaint to include claims of fraudulent inducement and misrepresentation. Texas Children's moved for summary judgment, arguing that ERISA preempted the state-law claims. The district court ordered remand to Texas state court, stating in

---

[1] Smith alleged common law claims for fraudulent inducement and breach of contract.

[2] Texas Children's removed the case under 28 U.S.C. § 1331, Federal Question Jurisdiction.

[3] ERISA § 514(a) provides in part, "the provisions of this subchapter . . . shall supersede any and all State laws insofar as they may now or hereafter relate to any [qualified] employee benefit plan." 29 U.S.C. § 1144(a).

a footnote:

> In spite of its knowledge that Smith was not entitled to th[e] ERISA benefits and, therefore, could not maintain an ERISA suit, Texas Children's removed a purely state law claim to this court. . . . This court does not and has never had jurisdiction over Smith's claim. . . . Let it be clear that Smith has . . . no ERISA claim against Texas Children's.

The district court ordered remand "pursuant to 28 U.S.C. § 1447(c)." Texas Children's timely appealed the second remand order.

II

We are obliged to examine the basis for our jurisdiction, *sua sponte*, if necessary. *See Williams v. Chater,* 87 F.3d 702, 704 (5th Cir. 1996). The district court remanded this case pursuant to 28 U.S.C. § 1447(c), which provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Section 1447(d) generally bars review of remand orders: "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise."[4] In *Thermtron Products, Inc. v. Hermansdorfer,* 423 U.S. 336, 343, 96 S. Ct. 584, 589, 46 L. Ed. 2d 542 (1976), the Supreme Court explained that it is an established rule that "[§ 1447(d)] prohibits review of all remand orders issued pursuant to § 1447(c) whether erroneous or not." The Court explained further that the two provisions are to be construed *in pari materia*, and that "[t]his means that only remand orders issued under § 1447(c) and invoking the grounds specified therein that removal was . . . without jurisdiction are immune from review under § 1447(d)." *Id.* at 345-46, 96 S. Ct. at 590.

When a remand is ordered under § 1447(c), the remand order is not reviewable, even if a court employs erroneous principles in concluding that it is without jurisdiction under § 1447(c). *See*

---

[4] This section has an exception for certain civil rights cases, which is not applicable in the present case. *See* 28 U.S.C. § 1447(d) (referring to 28 U.S.C. § 1443).

*Gravitt v. Southwestern Bell Tel. Co.,* 430 U.S. 723, 723-24, 97 S. Ct. 1439, 1440, 52 L. Ed. 2d 1 (1977) (per curiam). Although this result may seem harsh, "Congress immunized from all forms of appellate review any remand order issued on the grounds specified in § 1447(c), whether or not that order might be deemed erroneous by an appellate court" in order "to prevent delay in the trial of remanded cases by protracted litigation of jurisdictional issues." *Thermtron,* 423 U.S. at 351, 96 S. Ct. at 593. Congress struck the balance of competing interests in favor of judicial economy and, consequently, the district court is the final arbiter of whether it has jurisdiction to hear the case. *See Soley v. First Nat'l Bank of Commerce,* 923 F.2d 406, 408 (5th Cir. 1991). In this case, the district court explained that it lacked jurisdiction and remanded the action pursuant to § 1447(c). The order falls within § 1447(c), and thus we are barred from reviewing the remand order.

Texas Children's argues that the remand order is reviewable on appeal, because the district court lacked authority to review the issue of subject matter jurisdiction. When we addressed our jurisdiction to review the first remand order, we interpreted the remand order as a discretionary remand of pendant state-law claims after the federal-law claims had been eliminated.[5] *See Smith,* 84 F.3d at 154. Texas Children's asserts that our decision implied that the district court had subject matter jurisdiction over Smith's claims. According to Texas Children's, our decision bound the district court as the law of the case, and thus the district court lacked authority on remand to hold that it lacked subject matter jurisdiction. *See Conway v. Chemical Leaman Tank Lines, Inc.,* 644 F.2d

_____

[5] Under 28 U.S.C. § 1367(c), a district court may decline to exercise supplemental jurisdiction if the district court has dismissed all claims over which it has original jurisdiction. The district court remanded Smith's state-law claim after it granted summary judgment for Texas Children's on the federal ERISA claims. Based on the district court's explanation in the first remand order, we interpreted that order as a discretionary remand of pendant state-law claims. *See Smith,* 84 F.3d at 154. Therefore, the remand occurred pursuant to § 1367, and because the district court stated a non-1447(c) reason for remand, § 1447(d) did not bar appellate review of that order.

1059, 1062 (5th Cir. Unit A. May 1981) ("As a general rule if the issues were decided, either expressly or by necessary implication, those determinations of law will be binding on remand." (citation omitted)).  Even if we assume, however, that the district court erred in reconsidering the issue of subject matter jurisdiction, we lack authority to review remands that occur pursuant to § 1447(c). *See Gravitt,* 430 U.S. at 723-24, 97 S. Ct. at 1440.

Texas Children's argues that we should review the remand order, because Texas Children's could be substantially prejudiced if substantive rulings by the district court will be viewed as binding on Texas Children's in subsequent state court proceedings.  This argument lacks merit.  The district court remanded the case for lack of jurisdiction, and thus "the district court's statements will have no preclusive effect on the state court's consideration of the substantive preemption defense."  *Soley,* 923 F.2d at 409 (citation omitted); *see also Gonzalez-Garcia v. Williamson Dickie Mfg. Co.,* 99 F.3d 490, 492 (1st Cir. 1996); *Nutter v. Monongahela Power Co.,* 4 F.3d 319, 321 (4th Cir. 1993).  This result is "particularly appropriate" because the district court's conclusion regarding the lack of complete preemption is insulated from appellate review by § 1447(d).  *Whitman v. Raley's Inc.,* 886 F.2d 1177, 1181 (9th Cir. 1989); *cf. Winters v. Diamond Shamrock Chem. Co.,* 149 F.3d 387, 395 (5th Cir. 1998) (concluding that the district court did not abuse its discretion in refusing to offensively apply collateral estoppel, because considerations of fairness dictated that collateral estoppel should not be applied to a decision that could not be appealed as matter of law), *cert. denied*, No. 98-1140, 1999 WL 150833 (Mar. 22, 1999).

Texas Children's argues also that the remand order is appealable, because the district court issued a substantive ruling in its remand order.  The district court based its holding that ERISA preemption did not apply, according to Texas Children's, on its finding that Smith was not entitled

to benefits under the Plan.  Texas Children's argues that this substantive ruling, which was precedent to the court's conclusion that it lacked subject matter jurisdiction, constituted a non-1447(c) rationale for remand.  As a result, Texas Children's asserts, the order of remand is subject to appellate review.

We have rejected the approach suggested by Texas Children's, which looks "'beyond the language of the remand order to all the surrounding circumstances' in determining whether the order was based on a substantive decision on the merits."  *Soley,* 923 F.2d at 408 (quoting *Clorox Co. v. United States Dist. Court,* 779 F.2d 517, 520 (9th Cir. 1985)).  Instead, "we will only review remand orders if the district court 'affirmatively states a non-1447(c) ground for remand.'"  *Id.* (quoting *In re Merrimack Mut. Fire Ins. Co.,* 587 F.2d 642, 647 (5th Cir. 1978)).  The district court did not affirmatively state a non-1447(c) ground for remand, and thus we are precluded from reviewing the remand order.[6]

### III

For the foregoing reasons, we DISMISS the appeal.

---

[6] Texas Children's is incorrect when it alleges that the district court's substantive ruling regarding "complete preemption" constituted a non-1447(c) rationale for remand.  Consideration of "complete preemption" is inseparable from the question of jurisdiction.  *See, e.g., In re Loudermilch,* 158 F.3d 1143, 1146 (11th Cir. 1998) ("The discussion about ERISA preemption served only to explain the court's decision to remand."); *Painters Local Union No. 109 Pension Fund v. Smith Barney Inc.,* 133 F.3d 590, 591 (8th Cir. 1998) ("A decision on preemption is still a decision that subject matter jurisdiction is not present."), *cert. denied*, — U.S. — , 118 S. Ct. 2297, 141 L. Ed. 2d 157 (1998); *Nutter,* 4 F.3d at 321 (stating that the district court's findings regarding complete preemption and jurisdiction are indistinguishable).