IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-30451

_____


DELTA RADIOLOGY LTD.; CHRISTOPHER FRANCIS
LAWRENCE, M.D.; ROBERTO MOLINA MARTINEZ, M.D.;
EDUARDO MOLINET, M.D.; JASH I. PATEL, M.D.;
PAUL R. ROSEL, M.D.; ARTHUR JERRY
SATTERLEE, M.D.; FLOYD EDGAR SCALES, M.D.;
RICHARD HOWARD TUPLER, M.D.; PHILLIP DAVID
WEAVER, M.D.; STEVEN DAVID YELLIN, M.D.,

                                    Plaintiffs-Appellants,

                      versus

HOSPITAL SERVICE DISTRICT NO. 2 OF
JEFFERSON PARISH, doing business as
East Jefferson General Hospital,

                                    Defendant-Appellee.

*************************************************************

_____

No. 99-30453

_____


JEFFERSON PARISH HOSPITAL SERVICE
DISTRICT NO. 2, Parish of Jefferson,
State of Louisiana doing business as
East Jefferson General Hospital,

                                    Plaintiff-Appellee,

                      versus

DELTA RADIOLOGY, LTD., A Professional
Corporation; CHRISTOPHER FRANCIS
LAWRENCE, M.D.; ROBERTO MOLINA MARTINEZ, M.D.;
EDUARDO MOLINET, M.D.; JASH I PATEL, M.D.;
PAUL R. ROSEL, M.D.; ARTHUR JERRY SATTERLEE, M.D.;
FLOYD EDGAR SCALES, M.D.; RICHARD HOWARD
TUPLER, M.D.; PHILLIP DAVID WEAVER, M.D.;

STEVEN DAVID YELLIN, M.D.,

Defendants-Appellants.

_____

Appeals from the United States District Court for the
Eastern District of Louisiana
(99-CV-434-B & 99-CV-978-B)
_____

March 9, 2000

Before JOLLY and DeMOSS, Circuit Judges, and DAVID D. DOWD,[*]
District Judge.

PER CURIAM:[**]

Pending before us is the appeal of the plaintiff, Delta Radiology, Ltd., from the judgment that dismissed its suit, (Number 99-0434), for lack of subject matter jurisdiction, and that remanded the suit of the defendant, East Jefferson General Hospital("EJGH"),(Number 99-0978), back to state court. The chief issue presented by this appeal is whether the district court erred in holding that Delta failed to raise a sufficient question of federal law allowing the court to exercise its federal question jurisdiction. Finding no error on the part of the district court, we affirm.

Count 1 of Delta's complaint, which seeks declaratory relief, fails to provide a sufficient basis for the district court to exercise its federal question jurisdiction. Any potential question

_____

[*]District Judge of the Northern District of Ohio, sitting by designation.

[**]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2

of federal law implicated by this claim would arise only as a defense to a potential claim by EJGH seeking to enforce the May 1997 Agreement.  See Lowe v. Ingalls Shipbuilding, 723 F.2d 1173, 1179 (5th Cir. 1984)(stating that in determining whether our court has subject matter jurisdiction in a declaratory judgment action, the court must ask whether "a coercive action brought by the declaratory defendant" would implicate a federal question); and Coury v. Prot, 85 F.3d 244, 255 (5th Cir. 1996)(stating that illegality of contract is an affirmative defense under federal law).  Consequently, Count 1 does not provide a sufficient basis for the exercise of federal question jurisdiction.

Similarly, Count 2 of Delta's complaint, although cloaked in constitutional language, likewise fails to state a cognizable federal question.  Although it is true that the due process clause does "provide[] a mechanism by which a person's property or liberty may not be permanently diminished or abrogated without first being accorded that procedural protection designed to ensure a principled and evenhanded examination of the basis of any such deprivation," "[b]y its own terms, the due process clause is not implicated unless an individual's property or liberty interests are threatened." Martin v. Memorial Hosp. at Gulfport, 130 F.3d 1143, 1147 (5th Cir. 1997).  It is clear that Delta has failed to identify the source of any property interest that is implicated after the termination of the May 1997 Agreement.  Consequently,

3

Court 2 fails to state a federal question. The judgment of the district court is therefore AFFIRMED.

Finally, we turn to Delta's contention that the district court erred in remanding the companion case, Number 99-0978, back to state court. Our precedent is clear that under the factual circumstances presented by this case, "an order remanding a case to [the] State court from which it was removed is not reviewable on appeal or otherwise." Smith v. Texas Children's Hosp., 172 F.3d 923, 925 (5th Cir. 1999); see also 28 U.S.C. § 1447(d) (West 1999). Consequently, we lack jurisdiction to consider the merits of this appeal and it is DISMISSED.

AFFIRMED; DISMISSED.