**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 99-11405

MICHAEL LaGROTTE,

Plaintiff-Appellee,

v.

SIMMONS AIRLINES, INC., Individually and Doing Business as
AMERICAN EAGLE, CLIFF KLIESLING, and JACK B. SHATTUCK,

Defendants-Appellants.

Appeal from the United States District Court
for the Northern District of Texas
(3:99-CV-2652-G)

February 13, 2001

Before GARWOOD, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Appellants appeal the district court's order remanding this action to state court and imposing costs and attorney fees based on bad-faith removal. Although the order could have been more precise, we nonetheless conclude that we lack jurisdiction to review the merits of the remand order. In addition, we vacate the

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

finding of bad-faith removal and affirm the remainder of the order imposing costs and expenses, including attorney fees, under 28 U.S.C. § 1447(c).  We deny all pending motions as moot.

I.

Appellee, a former airline pilot employed by Appellants, originally brought this action in state court alleging various state-law claims against Appellants for a variety of incidents culminating in Appellants' discharge of Appellee in December 1996, for his refusal to fly in bad weather conditions.  Appellee specifically alleged causes of action for wrongful discharge, promissory estoppel, breach of contract, negligent misrepresentation, and intentional infliction of emotional distress.

On May 29, 1997, Appellants removed the action to the district court, asserting complete preemption under the Railway Labor Act ("RLA"), 45 U.S.C. §§ 151-188, and the Airline Deregulation Act ("ADA"), 49 U.S.C. § 41713.  Notwithstanding the absence of any federal question presented in Appellee's complaint, Appellants claimed that federal question jurisdiction per 28 U.S.C. § 1331 existed because the complaint involved the interpretation of the collective bargaining agreement ("CBA") governing Appellee's employment relationship with Appellants.  Appellants argued that such interpretation completely preempted Appellee's claims under the RLA, 45 U.S.C. § 184, or otherwise his claims were preempted by the ADA.  Plaintiff filed a motion to remand on June 27, 1997, and

2

the district court granted the motion and remanded the action to state court on March 16, 1998.

Eleven days before trial in state court, Appellee filed a motion in limine to exclude certain evidence Appellants sought to use to limit Appellee's recovery of damages. The motion alleged that the evidence should be excluded in light of the terms of the CBA. Believing that this reference to the CBA by Appellee made the action removable under 28 U.S.C. § 1446(b), Appellants filed a second notice of removal in the district court the next business day, November 22, 1999.

On that same day Appellee filed an emergency motion to remand, seeking to remand the action back to state court so that the existing trial setting there could be maintained. The district court entered an order a few hours later granting Appellee's motion to remand, remanding the action to state court, and imposing costs and attorney fees per § 1447(c). Appellants filed a motion for reconsideration of the order, which the district court denied, and a petition for a writ of mandamus, which we denied. Then Appellants timely appealed the district court's order.

## II.

### A.

The initial question before us is whether we have jurisdiction to review the district court's remand order. Section 1447 provides in relevant part:

(c) A motion to remand the case on the basis of any

3

> defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. . . .
>
> (d) An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise. . . .

Section 1447(d) "must be read in pari materia with § 1447(c), so that only remands based on grounds specified in § 1447(c) are immune from review under § 1447(d)." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 711 (1996); *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 127 (1995); *Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 343 (1976). Thus, remand orders based on a defect in removal procedure or lack of subject matter jurisdiction are not reviewable on appeal or otherwise. *See Quckenbush*, 517 U.S. at 711; *Smith v. Texas Children's Hosp.*, 172 F.3d 923, 925 (5th Cir. 1999). Section 1447(d) "prohibits review of all remand orders issued pursuant to § 1447(c) whether erroneous or not." *Thermtron Prods., Inc.*, 423 U.S. at 343; *Smith*, 172 F.3d at 925. However, when a remand order is not based on a defect in removal procedure or lack of subject matter jurisdiction, we have jurisdiction to review the order on appeal. *See In re Excel Corp.*, 106 F.3d 1197, 1200 (5th Cir.) (per curiam), *cert. denied*, 522 U.S. 859 (1997).

Appellants argue that we have jurisdiction because the district court did not base remand on a lack of subject matter

jurisdiction or other defect in removal procedure. Appellants specifically argue that the district court based remand on a "per se rule barring successive appeals." Because such rule is not a ground within § 1447(c), Appellants argue that we have jurisdiction to review the remand order.

We disagree. We conclude that the district court based its remand order on lack of subject matter jurisdiction under § 1447(c). In ordering remand, the district court stated that "[a] second removal *on the same ground previously urged* is not authorized," R. at 72 (emphasis added). This statement merely invoked the general principle that "once a case is remanded to state court, a defendant is precluded only from seeking a second removal on the same ground." *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 493 (5th Cir. 1996). Subsequent or successive removals are *not* per se barred. *Id.; cf.* § 1446(b). Although the district court's order could have been more precise, in light of the first remand order, which remanded based on a lack of subject matter jurisdiction, the only rational interpretation of the second remand order is that it was based on a lack of subject matter jurisdiction because the district court concluded that the second notice of removal alleged the same ground for removal--RLA preemption--as the first notice of removal. Moreover, the district court rejected Appellants' basis for removal jurisdiction "on the merits." R. at 72 n.*. Therefore, we lack jurisdiction to review

5

the propriety of the remand order.

B.

However, we do have jurisdiction over the district court's order of sanctions finding bad-faith removal and imposing costs and attorney fees under § 1447(c). *See Miranti v. Lee*, 3 F.3d 925, 927-28 (5th Cir. 1993). Because costs and expenses, including attorney fees, under § 1447(c) may not be automatically awarded whenever remand is authorized, we review orders imposing such awards for abuse of discretion. *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000). Whether discretion was abused depends upon the "propriety of the removing party's actions based on an objective view of the legal and factual elements in each particular case." *Id.* at 293.

Appellants argue that the district court abused its discretion in entering its sanctions order. Specifically, Appellants argue that the district court failed to provide them with notice and opportunity to be heard by entering the order without allowing Appellants an opportunity to respond to Appellee's emergency motion. In addition Appellants argue that sanctions were not warranted because they properly removed the action in light of Appellee's motion in limine.

We disagree. Although we find that the district court erred in concluding that Appellants removed this action in bad faith, it was within its discretion in imposing costs and attorney fees. An

award of costs and expenses under § 1447(c) is permitted without a finding of bad faith as long as the award is objectively justified. *See id.* at 292 ("[T]he district court may award fees even if removal is made in subjective good faith."). If the district court had ordered the award pursuant to FED. R. CIV. P. 11 or its inherent powers, Appellants' arguments may be more persuasive. Although it may have been better practice to allow Appellants to respond to the motion to remand, Appellants nonetheless had an opportunity to state its basis for removal in their second notice of removal, and also had an opportunity to advance its arguments in its petition for a writ of mandamus and in this appeal. *Cf. Ackerman v. FDIC*, 973 F.2d 1221, 1225-26 (5th Cir. 1992) (noting that the opportunity to be heard was satisfied on appeal). Moreover, § 1447(c) gives notice that the district court "shall" remand an action for lack of subject matter jurisdiction at any time. *See Wisconsin Dep't of Corrections v. Schacht*, 524 U.S. 381, 392 (1998); *cf. Henderson v. Dep't of Pub. Safety and Corrections*, 901 F.2d 1288, 1293-94 (5th Cir. 1990) (discussing imputed notice of Rule 11).

Finally, the district court did not abuse its discretion in awarding costs and fees because Appellants' second removal was not objectively reasonable in light of the facts of this action. The district court had concluded in the first remand order that Appellants failed to prove that Appellee's claims were preempted by the RLA and ADA. When Appellee filed his motion in limine in state

7

court, he merely alleged that the CBA precluded Appellants from introducing a particular item of evidence to minimize their damages. Such tangential reference to the CBA does not mean that his claims were preempted by the RLA so as to support removal jurisdiction in the district court. *See Anderson v. American Airlines, Inc.*, 2 F.3d 590, 596 (5th Cir. 1994) (holding that a state-law retaliation claim is not preempted by the RLA simply because it relies on the CBA to support its credibility); *cf. Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246, 257-58 (1994) ("[S]ubstantive protections provided by state law, independent of whatever labor agreement might govern, are not pre-empted under the RLA.").

## III.

For the foregoing reasons, we conclude that we lack jurisdiction under 28 U.S.C. § 1447(c) to review the remand order. In addition, the district court's finding of bad-faith removal is VACATED. The remainder of the order imposing costs and expenses, including attorney fees, under § 1447(c) is AFFIRMED. All pending motions are DENIED AS MOOT.