**Tommy H. CONDREY; Modtrack Corp., Plaintiffs–Appellants,**

v.

**SUNTRUST BANK OF GEORGIA; et al., Defendants,**

**Suntrust Bank Of Georgia, Defendant–Appellee.**

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

**Tommy H. Condrey; et al., Plaintiffs,**

v.

**Suntrust Bank Of Ga; et al., Defendants.**

**Harrell Equipment Company, Inc., Defendant–Cross Claimant–Appellant,**

v.

**Suntrust Bank Of Georgia, Defendant–Cross Defendant–Appellee.**

No. 03–30814, 03–30838.

United States Court of Appeals, Fifth Circuit.

DECIDED: May 20, 2004.

Joseph R. Ward, Jr., Ward & Condrey, Covington, LA, for Plaintiff–Appellant.

Bernard S. Johnson, Cook, Yancey, King & Galloway, Shreveport, LA, for Defendant–Appellee.

Before BARKSDALE, EMILIO M. GARZA, and PICKERING, Circuit Judges.

PER CURIAM:*

We consolidate these appeals. FED. R.APP. P. 3(b)(2). It goes without saying that we must examine the basis of our appellate jurisdiction, *sua sponte,* if need be. *E.g., Smith v. Texas Children's Hospital,* 172 F.3d 923, 925 (5th Cir.1999). These appeals are from the 29 July 2003 judgment signed by the magistrate judge. Because, *inter alia,* the requisite consent was lacking, the magistrate judge was not authorized to enter the judgment. *See* 28

the limited circumstances set forth in 5TH CIR R. 47.5.4.

U.S.C. § 636(c). Therefore there has not been a final judgment in this case, and we are without appellate jurisdiction. *See, e.g., Askanase v. Livingwell, Inc.*, 981 F.2d 807, 809–10 (5th Cir.1993). Accordingly, the appeals are

*DISMISSED.*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.