# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 20, 2010

No. 09-31095
Summary Calendar

Lyle W. Cayce
Clerk

AMY WEIDIG SHOEMAKER,

Plaintiff-Appellee

v.

MICHAEL SHOEMAKER,

Defendant-Appellant

v.

EDWARD J. GONZALES, III; KYLA BLANCHARD ROMANACH; THERESA KONTOS; THE REVEREND CHARLES DEGRAVELLES; THE REVEREND JACQUELINE MEANS; EPISCOPAL CHURCH OF THE USA; VINCENT SAFFIOTTI; MICHAEL HACKETT; CINDY OBIER; BURL CAIN,

Third Party Defendants-Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:09-CV-440

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-31095

This case began in a Louisiana state court when Amy Weidig Shoemaker sued her ex-husband, Michael Shoemaker (Shoemaker), for child support. Shoemaker, an inmate at the penitentiary at Angola, Louisiana, added additional parties to the suit and removed the matter to federal court under the provisions of 28 U.S.C. §§ 1443 and 1446. He asserted that jurisdiction was proper because he had claims under 42 U.S.C. § 1983. The district court, holding that there was no federal jurisdiction to entertain the case, remanded it to state court. Shoemaker appeals the district court's remand order. Because we are without jurisdiction to review that order, we must dismiss the appeal.

Shoemaker contends that the remand order was erroneous because his amended complaint superseded the original demand filed in state court. He contends further that the family court had, after his attempted removal, already dismissed the case. Thus, he reasons, the case had never been removed pursuant to § 1443. He contends that remand was improper because his amended complaints supplied a basis for federal jurisdiction.

An appellate court is without authority to review an order of remand to state court if the ground for remand is based on either (a) defects in the removal procedure or (2) lack of jurisdiction over the subject matter of the suit. *Smith v. Texas Children's Hosp.*, 172 F.3d 923, 925 (5th Cir. 1999) (citing, inter alia, 28 U.S.C. § 1447). This is so even if the district court's decision was wrong. *See id.*

In the instant case, the remand order was based on (1) the holding of the district court that removal was not proper because § 1443, the statute that Shoemaker originally invoked as his basis for removal, did not provide for federal jurisdiction to adjudicate his demand and (2) the alternative holding that the removed petition failed to present any other basis for federal question jurisdiction or any basis for diversity jurisdiction. We will review remand orders only if the district court affirmatively states a ground for remand that is not based on § 1447(c). *See Soley v. First Nat'l Bank of Commerce*, 923 F.2d 406, 408

2

(5th Cir. 1991).   Consequently, we have no jurisdiction to review the order remanding this case to family court.  *See Smith,* 172 F.3d at 925.

This result is not changed by Shoemaker's amended complaint.  Even assuming that the amended complaint presents a basis for federal jurisdiction, that basis did not exist at the time of removal, as was required for removal to have been proper.  *See Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 574 (2004); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 65, 68-69 (1996)

MOTION TO CORRECT BRIEF GRANTED; APPEAL DISMISSED.