**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 20, 2011

Lyle W. Cayce
Clerk

No. 10-30556
Summary Calendar

SYLVIA CABIRAN,

Plaintiff-Appellee

v.

JOSEPH L. BAER,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:09-CV-7694

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Sylvia Cabiran, proceeding pro se, filed a civil action in Louisiana state court to obtain payment on promissory notes signed by her ex-husband, Joseph L. Baer. Baer, also proceeding pro se and acting on behalf of B & C Marine, LLC, petitioned to intervene in the state action and asserted that Cabiran had committed acts as an owner or operator of B & C Marine that were detrimental to the company and to Baer as a co-owner, B & C Marine and Baer requested damages exceeding $2,000,000. Baer then removed the case to federal court,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-30556

asserting diversity jurisdiction and, ultimately, admiralty jurisdiction. The district court remanded the case to state court, finding that the parties were not diverse and that the claims were not substantially related to traditional maritime activities. Baer filed a timely notice of appeal from this ruling.

This court must consider the basis for our jurisdiction, sua sponte if needed. *Smith v. Texas Children's Hosp.*, 172 F.3d 923, 925 (5th Cir. 1999). If the district court remanded for lack of jurisdiction pursuant to 28 U.S.C. § 1447(c), the remand order is not reviewable pursuant to § 1447(d). *See Heaton v. Monogram Credit Card Bank of Ga.*, 231 F.3d 994, 997 (5th Cir. 2000). "[W]e will review a remand order only if the district court clearly and affirmatively relies on a non-§ 1447(c) basis." *Id.* (internal quotation marks and citations omitted). "The critical distinction for determining appealability" is whether the district court determined that "federal jurisdiction *never* existed" or whether "federal jurisdiction *did exist* at some point in the litigation, but the federal claims were either settled or dismissed." *Bogle v. Phillips Petroleum Co.*, 24 F.3d 758, 762 (5th Cir. 1994).

Although the district court did not specifically advert to § 1447(c), its ruling was based on a finding that there was an absence of federal jurisdiction from the time of removal. *See Victor v. Grand Casino-Coushatta*, 359 F.3d 782, 784-85 (5th Cir. 2004); *Smith*, 172 F.3d at 924-27; *Bogle*, 24 F.3d at 762. Although Baer asserts that the district court was incorrect in its conclusions about diversity and admiralty jurisdiction, we lack jurisdiction to consider the propriety of the court's § 1447(c) remand. *See Heaton*, 231 F.3d at 997. Because we lack jurisdiction in this case, we DISMISS the appeal pursuant to § 1447(d).