IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————————

No. 95-20415

———————————

JACKIE SMITH,

Plaintiff-Appellee,

versus

TEXAS CHILDREN'S HOSPITAL,

Defendant-Appellant,

and

UNUM LIFE INSURANCE COMPANY,

Defendant.

———————————

Appeal from the United States District Court
for the Southern District of Texas

———————————

May 15, 1996

Before POLITZ, Chief Judge, and HIGGINBOTHAM and SMITH, Circuit
Judges.

HIGGINBOTHAM, Circuit Judge:

Texas Children's Hospital appeals the district court's order
remanding to state court a state-law fraudulent-inducement claim.
We must decide whether Smith has preserved a fraudulent-inducement
claim, and, if so, whether it is nevertheless preempted by the
broad federal reach of ERISA. We conclude that Smith's claim may
escape ERISA preemption if preserved, but vacate and remand because
of uncertainties in the proceedings below as to whether Smith has
actually preserved it.

Jackie Smith alleges the following. She started working at St. Luke's Hospital in February 1991 and qualified for insurance benefits with St. Luke's by May 1991, after the elimination period for preexisting conditions. Later that year, Texas Children's Hospital, a sibling corporation of St. Luke's, persuaded Smith to transfer her employment to Texas Children's by promising more pay, a supervisory position, and the transfer of all of her employment benefits, including long-term disability benefits. According to Smith, Texas Children's made such assurances both orally and in certain written documents. Smith transferred to Texas Children's on October 1, 1991.

In October 1991, Smith was diagnosed with multiple sclerosis. She was disabled by September 1992. Around August or September of 1992, Smith's supervisor suggested to Smith that it was unsafe for her to continue working at Texas Children's, and that she would not have trouble acquiring long-term disability benefits from UNUM Life Insurance Company, the claims adjuster for Texas Children's. Smith stopped working and was put on long-term disability in September 1992. She was terminated from employment in April 1993.

In January 1993, Smith received her first benefit check for the period of December 11, 1992, to January 1, 1993. Immediately thereafter, UNUM called Smith and told her not to cash the check. UNUM had determined that the last day of Smith's elimination period was December 31, 1991. UNUM found that Smith's multiple sclerosis, which was diagnosed in October 1991, was a preexisting condition as

of December 31.  Hence, UNUM determined that Smith did not qualify for benefits from Texas Children's.

Smith sued Texas Children's in Texas state court, alleging state-law claims of fraudulent inducement and breach of contract. Texas Children's removed the case to federal court on the ground that Smith's claims arose under ERISA.  Texas Children's then moved for summary judgment, whereupon the district court ordered Smith to amend her complaint to conform to an ERISA claim and to join any additional parties.  Smith complied and filed her First Amended Complaint, asserting ERISA claims and naming UNUM as a defendant. In their answers to this amended complaint, Texas Children's and UNUM asserted the affirmative defense of ERISA pre-emption and argued that Smith's claims were not cognizable under ERISA.

In April 1995, the district court entered final judgment for Texas Children's on Smith's ERISA and common law estoppel claims, but remanded her fraudulent-inducement claim to state court.  Texas Children's filed a motion under Rule 59(e) seeking reconsideration of the order of remand and dismissal of Smith's suit against Texas Children's in its entirety.  The district court denied this motion. The defendants now appeal the district court's remand order.

## II.

We first address our jurisdiction.  The district court's Summary Judgment Memorandum explained its order as follows:

> [T]he Court remands the case to state court because the plaintiff's claims for damages for fraudulent inducement survives the ERISA defense.  This is so because the plaintiff was entitled to rely upon the representation that benefits

3

> were available to her, if such representations were made. Because she did not qualify for the benefit that was promised, she is entitled to maintain her suit against Texas Children's Hospital separate and apart from ERISA.

We interpret this explanation to say that the district court was exercising its discretion not to retain jurisdiction over Smith's pendent state claims after having granted summary judgment for Texas Children's on her federal ERISA claims. We therefore have jurisdiction to review the district court's remand order. See Burks v. Amerada Hess Corp., 8 F.3d 301, 303-04 (5th Cir. 1993).


III.

Texas Children's argues that Smith's First Amended Complaint did not restate a fraudulent-inducement claim, and, alternatively, that any such claim is preempted by ERISA. As we will explain, we are persuaded that Smith's amended complaint alleges facts that may give rise to a fraudulent-inducement claim that is not preempted by ERISA. However, since it is not clear whether Smith has adequately preserved her state-law fraudulent-inducement claim, we remand this case to the district court for a decision on whether to allow Smith to amend her complaint to clarify her allegations.


A.

While a district court may exercise its discretion to remand a case if it determines that federal jurisdiction has disappeared, it "has no discretion to remand a case in which a federal claim still exists." Burks, 8 F.3d at 304. We review as a matter of law the question whether ERISA preempts Smith's fraudulent-inducement

4

claim.  See id.  Remand is appropriate only if a set of facts can be adduced under the allegations in Smith's First Amended Complaint that give rise to a state-law claim not preempted by ERISA.

ERISA by its terms expressly "supercede[s] any and all State laws insofar as they may now or hereafter relate to any employee benefit plan."  29 U.S.C. § 1144(a).  "A state law `relates to' an employee benefit plan `if it has a connection with or reference to such plan.'"  Rozzell v. Security Servs., Inc., 38 F.3d 819, 821 (5th Cir. 1994) (quoting Shaw v. Delta Air Lines, 463 U.S. 85, 96-97 (1983)).  Thus, ERISA preempts a state law claim "if (1) the state law claim addresses an area of exclusive federal concern, such as the right to receive benefits under the terms of an ERISA plan; and (2) the claim directly affects the relationship between the traditional ERISA entities — the employer, the plan and its fiduciaries, and the participants and beneficiaries."  Hubbard v. Blue Cross & Blue Shield Ass'n, 42 F.3d 942, 945 (5th Cir. 1995).

ERISA's preemption language "is deliberately expansive, and has been construed broadly by federal courts."  Id.  "Nevertheless, the reach of ERISA preemption is not limitless."  Rozzell, 38 F.3d at 822.  "[S]ome state actions may affect employee benefit plans in too tenuous, remote, or peripheral a manner to warrant a finding that the law `relates to' the plan."  Shaw, 463 U.S. at 100 n.21.  Thus, if Smith's fraudulent-inducement claim is based upon a state law that "has a connection with or reference to" her ERISA plan with Texas Children's, ERISA preempts it.  On the other hand, if

5

her claim affects that plan "in too tenuous, remote, or peripheral a manner," it is not preempted.

To the extent that Smith is claiming that she is entitled to disability benefits under Texas Children's ERISA plan, her claim is preempted. Our case law teaches that a state-law claim by an ERISA plan participant against her employer is preempted when based upon a denial of benefits under the defendant's ERISA plan. See Cefalu v. B.F. Goodrich Co., 871 F.2d at 1292-97; Christopher v. Mobil Oil Corp., 950 F.2d 1209, 1217-20 (5th Cir. 1992); Perdue v. Burger King Corp., 7 F.3d 1251, 1255-56 (5th Cir. 1993).

Here, however, Smith's fraudulent-inducement claim is not based solely upon Texas Children's denial of benefits to her under its ERISA plan. Rather, Smith also alleges that she gave up her accrued benefits at St. Luke's in reliance upon Texas Children's alleged misrepresentations. Though ERISA preempts Smith's claim seeking benefits under Texas Children's ERISA plan, she may have a separate claim based upon the benefits that she had at St. Luke's and relinquished by leaving. The difficulty here arises in that Texas Children's allegedly promised that Smith would have the same benefits at Texas Children's as she had at St. Luke's, so the measure of her injury is the same regardless of whether she pursues recovery of benefits relinquished or of benefits denied. Stated another way, because of the nature of Texas Children's alleged assurance — that she would keep the same disability benefits after she transferred to St. Luke's — the value of the benefits that she gave up by leaving St. Luke's is equal to the value of any benefits

6

that she could claim under Texas Children's ERISA plan. But, to the extent that Texas law permits a plaintiff asserting fraudulent-inducement to recover for value relinquished in addition to value not received, Smith may also have a claim based upon the disability benefits relinquished, separate from her claim for benefits under Texas Children's ERISA plan. The Texas state court can decide the grounds for relief available to Smith under Texas law; we need only decide whether ERISA preempts such a claim for recovery based upon the benefits that Smith gave up by leaving St. Luke's.

We are persuaded that ERISA preemption would not apply to such a claim. Smith alleges that, because she relied upon misrepresentations by Texas Children's, she lost a quantifiable stream of income that she would now be receiving had she never left St. Luke's. Such a claim escapes ERISA preemption because it does not necessarily depend upon the scope of Smith's rights under Texas Children's ERISA plan. For example, if Texas Children's did not have any benefits plan, ERISA would not apply, leaving Smith with a non-preempted claim based upon the benefits relinquished. That Texas Children's has such an ERISA plan does not alter the nature of her claim, which is based upon benefits given up for purposes of ERISA preemption. The ultimate question of Texas Children's liability for fraudulently inducing Smith to leave St. Luke's turns not on the quantum of benefits available at Texas Children's, but on the question whether Texas Children's misled Smith when it told her that she would keep what she had.

Though Cefalu illustrates the difficulty of preemption issues under ERISA, we are persuaded that Cefalu does not mandate that ERISA preempts Jackie Smith's fraudulent-inducement claim against Texas Children's. Roy Cefalu was terminated from his employment with B.F. Goodrich Company after Tire Center, Inc., purchased that division. Because Cefalu had participated in Goodrich's retirement benefits plan, a qualified ERISA plan, accepting a job with Tire Center meant that, under the terms of Goodrich's ERISA plan, he would have been entitled to a continuation of his benefits under the Tire Center's ERISA plan. Cefalu, 871 F.2d 1290. According to Cefalu, however, he instead chose to become an franchised operator of a Goodrich retail center in reliance upon Goodrich's oral assurance that he would receive the same benefits as a franchisee as he would as a Tire Center employee. But while Cefalu did retain some retirement benefits under Goodrich's Special Deferred Vested Pension Plan, made available in connection with his termination, Goodrich later informed him that he would not be entitled to the additional benefits

Cefalu sued Goodrich for breach of contract. We found that ERISA preempted his claim, emphasizing:

> [Cefalu's] claim has a definite connection to an employee benefit plan. [He] concedes that if he is successful in this suit his damages would consist of the pension benefits he would have received had he been employed by TCI. To compute these damages, the Court must refer to the pension plan under which [Cefalu] was covered when he worked for Goodrich. Thus, the precise damages and benefits which [Cefalu] seeks are created by the Goodrich employee benefit plan. To use any other source as a measure of damages would force the Court to speculate on the amount of damages.

8

<u>Cefalu</u>, 871 F.2d at 1294. In short, Cefalu sought recovery from Goodrich based upon retirement benefits that he claims he should have received as a Goodrich franchisee, which allegedly equaled the benefits that he would have received had he accepted a job with Tire Center. The amount of those benefits not received could only be measured by reference to the benefits that Cefalu did have under his original ERISA plan with Goodrich, his former employer. We concluded that his breach-of-contract claim against Goodrich was related to Goodrich's ERISA plan and therefore preempted.

Significantly, Cefalu sought recovery pursuant to an allegedly valid oral contract; he sought to bind Goodrich to its oral contract to extend him benefits that he would have received had he accepted a job with Tire Center. Cefalu could not have asserted a claim based upon benefits given up, since his termination, not Goodrich's misrepresentation, caused the loss of additional benefits that he previously had under Goodrich's plan. Put another way, Cefalu was no longer entitled to the continuation of full benefits under Goodrich's original ERISA plan the moment he was terminated from Goodrich as part of the Tire Center purchase, since the cessation of benefits occurred regardless of what Goodrich did next. Rather, ERISA preempted Cefalu's claim because he sought to hold Goodrich liable in contract for additional benefits beyond what he had under Goodrich's ERISA plan, on the ground that Goodrich had allegedly promised him that his benefits as a franchisee would equal what he could have received had he joined Tire Center. Since Tire Center employees received a continuation

9

of the benefits that they had under Goodrich's ERISA plan, Cefalu's claim was for a like continuation of the benefits that he had under Goodrich's original ERISA plan. See, e.g., Rozzell, 38 F.3d at 822 (cautioning that Cefalu "does not, and can not, mean that any lawsuit in which reference to a benefit plan is necessary to compute plaintiff's damages is preempted by ERISA and is removable to federal court"). ERISA thus preempted Cefalu's claim because he sought recovery of retirement benefits that Goodrich allegedly owed him as a continuation of its ERISA plan.

Here, by contrast, Smith's fraudulent-inducement claim leaves open the possibility that she may obtain recovery from her second employer, Texas Children's, based upon her relinquishment of the payments that she would now be receiving had she remained with a different first employer, St. Luke's. Smith is not suing for disability benefits that Texas Children's owes her under its ERISA plan. Nor is she suing St. Luke's for benefits that St. Luke's allegedly owes her under its benefits plan. Rather, Smith is suing Texas Children's for vested benefits that she had acquired while employed with her original employer, but then relinquished in reliance upon Texas Children's alleged misrepresentations.

Thus, for example, had Smith had no benefits before joining Texas Children's, she could only claim relief based upon benefits to which she was entitled under Texas Children's ERISA plan. ERISA would preempt such a claim. But, on the other hand, suppose that Smith turned down a $10,000 annual bonus by leaving St. Luke's, and that she could show that she left St. Luke's in reliance upon Texas

10

Children's promise that she would be qualifying for benefits under Texas Children's ERISA plan valued at approximately $12,000. Then, though a claim for $12,000 in benefits would again be preempted by ERISA, she still might have a non-preempted claim for the $10,000 relinquished bonus if her allegations indicated that Texas Children's either had no plan or otherwise knew that Smith could not possibly have been covered under whatever plan it did have. Thus, Smith's entitlement to benefits under Texas Children's ERISA plan can be considered separately from the question whether Texas Children's misled her into believing that she would be entitled to benefits under that plan; the former question requires reference to Texas Children's plan, while the latter focuses on what Texas Children's told her.

### B.

Though we conclude that Smith's allegations leave room for a fraudulent-inducement claim that is not preempted by ERISA, we are not certain at this time whether she has adequately preserved such a claim in her First Amended Complaint. Because there are some ambiguities regarding the course of the proceedings below as well as the nature of Smith's state-law claims, and given the possible relevance of the Supreme Court's recent decision in Varity Corp. v. Howe, 116 S. Ct. 1065 (1996) (decided March 19, 1996), we vacate the district court's remand order and remand to the district court. On remand, Smith may move for leave to amend her complaint to clarify her allegations and assert her fraudulent-inducement claim,

11

whereupon, if the district court grants leave to amend, it can consider the issue of ERISA preemption and the Supreme Court's decision in <u>Varity Corp.</u>

## IV.

For the foregoing reasons, we VACATE the district court's order remanding a fraudulent-inducement claim to state court and REMAND for proceedings consistent with this opinion.