[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant filed a motion to strike plaintiffs complaint on the ground that her wrongful discharge claim was precluded by other statutory remedies available to her. The plaintiff countered by arguing that the specific relief she is seeking in her complaint can only be redressed pursuant to a common law claim for wrongful discharge.
I. FACTUAL BACKGROUND
The pertinent facts are as follows. The plaintiff, a computer software engineer, was an employee of the defendant for approximately three months, during which time she learned that she had cancer. Within one month of her discovery of her medical condition, the plaintiff was fired. The plaintiff claims that she was terminated because the defendant did not want to pay for her medical benefits, after it learned that the plaintiff had cancer. Plaintiff also claims that she was terminated because she had filed a prior lawsuit against a former employer, in violation of section 31-51q of the Connecticut General Statutes (hereinafter CT Page 2602 "C.G.S.") and her first amendment rights. The defendant states that the plaintiff was fired because of her inability to work with her supervisor.
As a result of the events surrounding her termination, the plaintiff has already filed two other contemporaneous claims in other fora. The plaintiff filed a complaint with the Commission of Human Rights and Opportunities (hereinafter "CHRO"), alleging unlawful retaliation and disability discrimination. She also filed a complaint in federal court claiming violations of ERISA. The defendant argues that because these other claims rely on the same facts as the claims in this case the plaintiffs common law cause of action is pre-empted. In particular, the defendant claims that ERISA is so broad that it preempts all state laws that apply to or relate to employee benefit plans. The plaintiff argues that the statutory remedies available to her are inadequate to fully compensate her and therefore, this action is not only permissible, but necessary.
II. ISSUE PRESENTED
Whether plaintiffs common law claim of wrongful discharge, in violation of various public policies, is precluded by other statutory remedies available to her.
For reasons more fully set forth in this decision, this court holds that the plaintiffs complaint should not be stricken.
III. LEGAL DISCUSSION A. Motion to Strike
A Motion to Strike is "the proper method to challenge the legal sufficiency of a complaint . . ." Gulack v. Gulack,30 Conn. App. 305, 309, 620 A.2d 181 (1993). When deciding a motion to strike, the trial court is "to examine the [complaint], construed in favor of the [plaintiff], to determine whether the [plaintiff] [has] stated a legally sufficient cause of action."Napoletano v. Cigna Healthcare of Conn., Inc., 238 Conn. 216,232-33, 680 A.2d 127 (1996). "The allegations are entitled to the same favorable construction as a trier would be required to give in admitting evidence under them." Ferryman v. Groton,212 Conn. 138, 142, 561 A.2d 432 (1989). The alleged facts are to be construed in a light most favorable to the plaintiff. Rowe v.Godou, 209 Conn. 273, 278, 550 A.2d 1073 (1988). If the facts CT Page 2603 provable under the allegations would support a cause of action, the motion to strike must be denied. Ferryman v. Groton, supra,212 Conn. 142. "The principle function of [the motion to strike] is to enable movement beyond the allegations in the pleadings, and to assist the court in its analysis of the evidence so as to ascertain whether an actual need for trial exists." Hughes v.Bemer 200 Conn. 400, 402, 510 A.2d 992 (1986).
 B. Common Law Claim for Wrongful Discharge
The plaintiff has brought this tort action seeking a variety of relief, including: emotional distress; wages; attorneys fees; punitive damages; reinstatement at job; and reinstatement in non-ERISA plans. Connecticut courts have recognized a common law cause of action for wrongful discharge. Sheets v. Teddy's FrostedFoods, 179 Conn. 471, 427 A.2d 385 (1980). "The general rule in Connecticut is that "contracts of permanent employment, or for an indefinite term, are terminable at will." Coelho v. Posi-SealInternational, Inc., 208 Conn. 106, 118, 544 A.2d 170 (1988). "The doctrine of wrongful discharge is a narrow exception to the rule that contracts for employment at will are terminable at the will of either party without regard to cause. . . . Under this doctrine, a cause of action is only recognized where public policy is clearly contravened." Sheets, supra, 179 Conn. 474. Such a cause of action is precluded or preempted when there are available other, viable and adequate remedies pursuant to statute. Payne v. Fairfield Hills Hospital, 215 Conn. 675, 680
n. 3, 577 A.2d 1025 (1990).
An adequate remedy under the administrative process might preclude a claimant from pursuing a common law remedy. Id. An adequate remedy is one in which the administrative agency possesses sufficient authority to grant the requested relief. Id.
 "A finding that certain conduct contravenes public policy is not enough by itself to warrant the creation of a contract remedy for wrongful dismissal by an employer. The cases which have established a tort or contract remedy for employees discharged for reasons violative of public policy have relied upon the fact that in the context of their case the employee was otherwise without remedy and that permitting the discharge to go unredressed would leave a valuable social policy to go unvindicated." (Internal quotation marks omitted.)
CT Page 2604
Atkins v. Bridgeport Hydraulic Co., 5 Conn. App. 643, 648,501 A.2d 1223 (1985).
The Defendant argues that the plaintiffs complaint should be stricken because the plaintiff not only has statutory remedies available to her under Title VII, ADA, CFEPA, Section 31-51q and ERISA, but is pursuing those remedies. Plaintiff counters that these remedies are inadequate to redress all of her harms. There is a split of authority in the Superior Court regarding whether or not a party may pursue a common law remedy when a statutory remedy exists but does not provide an adequate remedy. See, e.g.,Lavacca v. KK Associates, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 537311 (January 30, 1996, Wagner, J.).
Several courts have held that when a plaintiff seeks punitive damages, costs or compensatory damages, the administrative remedy is inadequate. See Griswold v. Blackburn Janitorial, L.C.C., Superior Court, judicial district of New London, Docket No. 534256 (August 22, 1996, Hurley, J.); Dinegar v. University ofNew Haven, Superior Court, judicial district of New Haven, Docket No. 378256 (November 30, 1995, Fracasse, J.); Cross v. Nearine, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 538675 (February 17, 1995, Wagner, J.);Devoid v. Mirror Polishing Plating Co., Superior Court, judicial district of Litchfield, Docket No. 067949 (November 27, 1995, Pickett, J.); Seebeck v. McLaughlin Research Corp. , Superior Court, judicial district of New London, Docket No. 530884 (February 16, 1995, Hendel, J., 13 CONN. L. RPTR. 491, 492);Stevens v. E.R. Champion Sons, Inc., Superior Court, judicial district of New London, Docket No. 527449 (May 26, 1994, Hurley, J.).
In the instant matter, the plaintiff seeks redress for, inter alia, the violation of her constitutional right to free speech. Redress for violation of this right is not available through CHRO. Therefore, the remedy available to the plaintiff through the administrative process is inadequate to fully compensate her. Because the alternate remedy is inadequate, the plaintiff may pursue the common law cause of for wrongful discharge. Further, the plaintiff in this case seeks punitive, damages, costs, and compensatory damages. This court concurs with the previously cited decisions concluding that when such relief is sought the administrative remedy is inadequate. Defendants motion to strike the complaint on this ground is denied. CT Page 2605
 C. ERISA
A second reason proffered by the defendant to support its motion to strike is ERISA preemption. The defendant argues that plaintiffs complaint is preempted by ERISA. The plaintiff states that because she makes no direct claim under ERISA in her common law complaint, the defendant bears the burden of proving that the state claim depends on an essential part of the operation of ERISA.
To support her position, the plaintiff cites a number of recent court decisions holding that because tort law is a law of general application it does not depend on ERISA for its existence, and therefore is not preempted by ERISA. See, e.g.,Wilson v. Zoellner, 114 F.3d 713 (8th Cir., 1997); and Smith v.Texas Children's Hospital, et. al., 84 F.3d 152 (5th Cir., 1996). It bears noting that the instant case is against the employer and not the plan itself or the plan administrator. Thus, if the defendant "incurs any liability as a result of this suit, it will do so only as the employer of a tortfeasor, and not as a plan fiduciary." Wilson v. Zoellner, supra.
"ERISA is a comprehensive regulation of employee and welfare and pension benefit plans . . ." Napoletano, supra,238 Conn. 233. ERISA supersedes "any and all State laws insofar as they may . . . relate to any employee benefit plan. . . ." U.S.C. § 1144(a). "The Supreme Court [of the United States] inTravelers Ins. Co.,[1] described the types of cases that raise preemption concerns, focusing on those scenarios in which a state law imposes a substantive mandate on the employee benefit plan." (Citations omitted). Id. Thus, state law claims that "burden" an ERISA plan are preempted. Id. at 240, and Gianetti v. Aetna Life Casualty Co., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. CV96 33 55 97 5 (Jul. 16, 1998, Thim J.,1998 Ct. Sup. 9499).
The plaintiff maintains, and the defendant has not rebutted this, that she is seeking remedies outside the scope of ERISA. "[P]laintiff further seeks reinstatement at her job (if possible) and in any non-ERISA plans. To the extent plaintiff seeks recovery of ERISA benefits, she will do so through her federal lawsuit. The damages, therefore, have nothing to do with ERISA." Plaintiffs Memorandum in Support of Her Objection to Motion to Strike, p. 20. CT Page 2606
Clearly, in this case, the common law claims of the plaintiff do not burden an ERISA plan. Neither are the claims related to employee benefit plans governed by ERISA. Therefore, plaintiffs common law claims are not pre-empted by ERISA. Defendants Motion to Strike is denied on this ground.
IV CONCLUSION
Defendants motion to strike the complaint is denied. The statutory remedies available to the plaintiff are inadequate to fully redress her harm. The plaintiffs common law claims do not implicate legal issues governed by ERISA and are consequently, not precluded by it.
Angela Carol Robinson Superior Court Judge