IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-10092
_____


DAISY BROWN, In the Matter of
the Marriage of Daisy Brown and
Bobby Brown, and in the interest
of Tamela Laveria Brown and
Timberly Marie Brown, Children,

                                        Plaintiff-Appellant,

versus

UNITED PARCEL SERVICE, INC.; BOBBY BROWN,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4-97-CV-837-Y
--------------------
October 31, 2000

Before REYNALDO G. GARZA, HIGGINBOTHAM, and BENAVIDES, Circuit
Judges.

BENAVIDES, Circuit Judge:[*]

    Bobby Brown, a retired United Parcel Service (UPS) employee,
is a participant in the UPS Retirement Plan (Plan), which is
regulated by the Employee Retirement Income Security Act of 1974,
§ 514(a), 29 U.S.C. §§ 1001-1461, (ERISA).  In 1994, prior to
Bobby Brown's retirement, his wife, appellant Daisy Brown (Brown)
filed a divorce suit in Tarrant County.  He retired the next year

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

at the age of 51.  The parties entered into an Agreed Decree of Divorce and a Qualified Domestic Relations Order (QDRO) in state court.  The QDRO provided that Brown would receive sixty percent of Bobby Brown's UPS retirement benefits.  Prior to the entry of this order, Brown's attorney forwarded to the corporate benefits department at UPS a copy of the proposed domestic relations order for approval by the Plan as a qualified order.  In the transmittal letter to Carol Hopkins, a clerk who worked in the UPS corporate benefits department, Brown's attorney stated that it was his understanding that Bobby Brown was currently receiving $2,162.19 per month from the Plan.  In that letter, he also requested that Hopkins confirm that Brown would receive monthly payments of $1,297.31 from the Plan.  Brown asserts that Hopkins confirmed these figures.  According to UPS, there is nothing in writing to establish that Hopkins (or anyone connected with UPS or the Plan) made such a confirmation.

After the close of the divorce proceedings, it was determined that the monthly payments to be distributed to Brown would be significantly less than the anticipated figure set forth above.  Naming her former husband as the respondent, Brown filed a motion in state court for enforcement and clarification of the divorce decree and the QDRO.  She later amended her pleading to include UPS as a respondent, alleging that it had not paid her the benefits to which she believed she was entitled under the Plan.

2

UPS removed the proceeding to the federal district court on the ground that Brown's claim was completely preempted by ERISA. UPS thereafter filed a motion for summary judgment, seeking to have Brown's claim dismissed because UPS was neither the Plan nor the administrator of the Plan and, thus, not a proper defendant to the claims.

Brown responded by moving both for leave to amend her complaint and for a remand to state court. Brown agreed that she could not recover against UPS for the payment of retirement benefits and sought to amend her complaint by deleting any such allegation. Instead, she asserted that she was seeking relief on her theories of negligent misrepresentation and promissory estoppel.[1] According to UPS, Brown's amended complaint asserted that UPS had misrepresented to her the "amount of retirement benefits that would be provided to Daisy Brown." Further, she expressly requested that the court "make specific findings awarding [her] 60% of the [UPS Plan] proceeds paid since February 29, 1996 and 60% of any future proceeds received from

---

[1] Brown asserts that by amending her complaint, the district court no longer properly exercised removal jurisdiction. The propriety of removal, however, hinges on the status of the complaint at the time of removal. Therefore, post-removal amendments are irrelevant to the jurisdictional determination. *See McClelland v. Gronwaldt,* 155 F.3d 507, 517 (5th Cir. 1998). In Brown's original complaint, she alleged, as a beneficiary under the ERISA plan, that UPS improperly paid out her share of benefits under the plan and demanded that UPS immediately pay the benefits to which she is entitled. Thus, Brown's original claim was completely preempted, rendering removal appropriate.

that plan."

The district court issued an order: (1) denying Brown's motion to remand; (2) granting UPS' motion for summary judgment "to the extent that [Brown] has attempted to obtain ERISA plan benefits from UPS;" (3)granting Brown's motion to amend her complaint; and remanding Brown's remaining claims to state court pursuant to 28 U.S.C. § 1441(c).

UPS moved the district court to reconsider its order of remand and to dismiss all of Brown's claims against UPS because they were preempted by ERISA. The district court granted UPS' motion for reconsideration and dismissed Brown's claims against UPS for the reasons stated in UPS' motion (the claims were completely preempted by ERISA). The district court denied Brown's later motion to reconsider. Brown now appeals.

DISCUSSION

This Court reviews a district court's ruling on a motion for summary judgment *de novo*. *Thomas v. LTV Corp.,* 39 F.3d 611, 616 (5th Cir. 1994). "A motion for summary judgment is properly granted when competent evidence establishes the absence of a genuine issue of material fact and that the movant is entitled to judgment as a matter of law." *Id.* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 2552 (1986)). In its order granting UPS' motion for reconsideration and to dismiss, the district court found that ERISA completely preempted Brown's "claims against UPS for negligent misrepresentation and

4

promissory estoppel are preempted by [ERISA] for the reasons urged by UPS."  Because of this finding of complete preemption, the district court had no power to remand the claims to state court.  *See Giles v. NYLCare Health Plans, Inc.,* 172 F.3d 332, 337 (5th Cir. 1999) (explaining that if a defendant demonstrates that a claim is completely preempted by ERISA, the district court may not remand).

There are two types of preemption under ERISA.  Conflict, or ordinary, preemption exists when a state law cause of action "relate[s] to" an employee benefit plan governed by ERISA.  *See* 29 U.S.C. § 1144(a); *McClelland v. Gronwaldt*, 155 F.3d 507, 516 (5th Cir. 1998).  Conflict preemption is typically a defense to a state cause of action and does not appear in the complaint. *McClelland,* 155 F.3d at 516; *Giles*, 172 F.3d at 337.  Therefore, conflict preemption, without more, does not allow a case to be removed to federal court because it does not present a federal question.  *Id.*

Complete preemption, on the other hand, exists when a state cause of action is conflict-preempted by ERISA (thus, an analysis of conflict preemption is the first step in determining whether a claim is completely preempted) and also comes within the scope of 29 U.S.C. § 1132(a).  *See McClelland*, 155 F.3d at 517-18 & n.34. Specifically, § 1132(a)(1)(B) provides a remedy for beneficiaries to recover benefits due under the terms of a plan, to enforce

5

rights under a plan, or to clarify rights to future benefits under a plan.  When a complaint raises a state cause of action that is completely preempted, the district court may not decline to exercise jurisdiction, because that cause of action actually presents a federal question.  *Giles,* 172 F.3d at 337.  Thus, a claim for benefits, to enforce rights to benefits, or to clarify rights to benefits is completely preempted, regardless of how the plaintiff's characterizes her claims in the complaint.

This Court has previously held that ERISA preempts state law claims that have the effect of orally modifying an ERISA benefit plan and increasing plan benefits for participants who claim to have been misled.  *See Lee v. E.I. DuPont de Nemours & Co.*, 894 F.2d 755, 757 (5th Cir. 1990); *Cefalu v. B.F. Goodrich Co.,* 871 F.2d 1290, 1295 (5th Cir. 1989); *Degan v. Ford Motor Co.,* 869 F.2d 889, 895 (5th Cir. 1989).  This Court has also found that ERISA does not preempt a state law claim in the context of negligent misrepresentation when the claim is brought by "an independent, third-party (health care provider) against an insurer."  *Transitional Hospitals Corp. v. Blue Cross and Blue Shield of Texas, Inc., et. al.*, 164 F.3d 952, 954 (5th Cir. 1999).  In the instant case, Brown is not an independent third party, but a beneficiary under the ERISA plan.  UPS, as the plan sponsor, is also a ERISA entity.  *See* 29 U.S.C. § 1002(16)(B) ("plan sponsor" means the employer who establishes or maintains

6

the employee benefit plan); § 1002(8) ("beneficiary" means a person who is entitled to a benefit under an employee benefit plan).

In *Hubbard v. Blue Cross & Blue Shield Association*, 42 F.3d 942 (5th Cir. 1995), this Court held that an ERISA plan beneficiary's claim for fraudulent inducement where "the essence of [the] claim [was] that her benefits under the plan were improperly denied" was completely preempted and thus provided a basis for removal jurisdiction. Hubbard was a participant in an ERISA-governed health benefit plan insured by Blue Cross. She contracted cancer, and the plan refused to provide coverage for certain requested treatments. Hubbard sued the Blue Cross and Blue Shield Association, a third party that was not the insurer, plan, or plan administrator, claiming that the Association generated "secret" policy interpretation guidelines followed by her insurer and that the Association wilfully concealed those guidelines from her, causing her to fail to procure other adequate health coverage. *Hubbard*, 42 F.3d at 944. This Court held that because the essence of Hubbard's claims were that her benefits under the medical plan were improperly denied, and because resolution of her claim would require an inquiry into the interpretation and administration of the plan, her claim was preempted by ERISA such that a federal question existed on that claim. *See id.* at 945-946. Also, in *Cefalu*, the plaintiff alleged he was misled by his employer, Goodrich, as to the amount

of retirement benefits to which he was entitled. He alleged that he relied on the misrepresentation to his detriment by purchasing a Goodrich franchise rather than continuing employment with a successor following the sale of his former employer by Goodrich. *Cefalu,* 871 F.2d at 1292. This Court held in that Cefalu's claims were preempted by ERISA. *See id.*

Brown's claims are analogous to both *Hubbard* and *Celafu.* She alleges she is not seeking ERISA benefits, but asserts that she relied on UPS' misrepresentation regarding Plan benefits in not negotiating for other property in the divorce settlement. Like *Cefalu*, the precise damages Brown seeks were created by the Plan, and to use any other source as a measure of damages would force this Court to speculate on the amount of damages. *See id.* at 1294. Though this court has found in certain instances that a claim for fraudulent misrepresentation is not completely preempted, this case does not fall within within that subtle distinction. *See Smith v. Texas Children's Hospital and UNUM Life Insurance Co.*, 84 F.3d 152 (5th Cir. 1996). In *Smith,* the plaintiff sued her second employer for benefits she relinquished due to her second employer's misrepresentation. In essence, the Court held, that Smith was not suing for benefits under an ERISA plan, but for damages because "Texas Children's misled Smith when it told her that she could keep what she had." *Smith*, 84 F.3d at 155-156. In the instant appeal, like in *Celafu*, Brown is suing

8

UPS for lost benefits under the UPS plan.[2]  Even in *Smith*, the Court acknowledged that a claim against Texas Children's for ERISA benefits would be completely preempted by ERISA.

Nevertheless, the *Smith* court concluded that Smith had a claim based on vested benefits relinquished that was separate and apart from a claim to ERISA benefits.  *Smith*, 84 F.3d at 155. Moreover, the *Smith* Court noted that if "Smith had no benefits before joining Texas Children's, she could only claim relief [against Texas Children's] based upon benefits to which she was entitled under Texas Children's ERISA plan" and that "ERISA would preempt such a claim."  *Id*. at 157.  Though Brown argues in district court that *Smith* controls this appeal, she never argues that she had a vested right to anything other than the Plan benefits. Brown merely speculates that she would have a better bargaining position had she not relied UPS determintion of benefits.  A better bargaining position is far from losing vested benefits which the *Smith* Court found to be necessary to create a fraudulent inducement claim separate and apart from ERISA.

When read in its entirety, Brown's complaint indicates she believes she is due more benefits under the Plan than she is

---

[2]  The *Smith* court noted that "Cefula could not have asserted a claim based upon benefits given up, since his termination, not [the employers'] misrepresentation, caused the loss of additional benefits . . ."  Thus, "ERISA preempted Cefalu's claim because he sought to hold [the employer] liable in contract for additional benefits beyond what he has under [the employer's] ERISA plan." *Smith*, 84 F.3d at 156.

currently receiving, in essence, a claim for benefits or at least to clarify her right to benefits. Brown currently has a right to receive benefits from UPS, but because she thought she would be receiving more, she is suing UPS for additional benefits. Brown's amendment did nothing to change her claims: both her amended complaint and original complaint are based on the same of set of operative facts. Brown has merely given her claim against UPS a different name -- it is still the same claim she brought in her original complaint against UPS which she concedes is completely preempted. As in *Hubbard,* a determination of whether UPS made a misrepresentation as to the terms of the Plan and the benefit to which Brown is entitled would require an analysis and interpretation of the Plan itself. Therefore, the claim falls under § 1132(a)(1)(B) as an action to recover benefits or clarify her right to future benefits. *See Hubbard*, 42 F.3d at 945-946; *see also Giles,* 172 F.3d at 337.

Therefore, Brown's claims are completely preempted by ERISA because they come within the purview of 29 U.S.C. § 1132(a)(1)(B). Thus, the district court properly exercised jurisdiction over this claim. Accordingly, the judgment of the district court is AFFIRMED.

10