United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 11, 2003**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 03-60162

ESTATE OF JERALD J. GESKE, Virginia Geske Administratrix;
VIRGINIA GESKE

Plaintiffs - Appellants

VERSUS

DANNY R. WILLIAMSON; ET AL

Defendants

UNITED HEALTHCARE OF MISSISSIPPI, INC.;

Defendant - Appellee

CANAL INDEMNITY COMPANY

Plaintiff

VERSUS

VIRGINIA GESKE, ETC.; ET AL

Defendants

VIRGINIA GESKE, Individually as and as Administratrix of Estate of
Jerald Geske, Deceased; UNITED HEALTHCARE OF MISSISSIPPI, INC.;

Defendants - Appellees

Appeal from the United States District Court
For the Southern District of Mississippi, Hattiesburg
2:01-CV-324

Before DAVIS, EMILIO M. GARZA, Circuit Judges, and LITTLE[*], District Judge.

PER CURIAM:[**]

The survivors of Jerald J. Geske prosecute this appeal of an interlocutory order certified by the district court and challenge the district court's dismissal of his action against United Healthcare(United) for fraudulent misrepresentations under Mississippi law. The district court dismissed the state law claim on grounds that it was preempted by ERISA. The district court also held that the Geskes' state law claim against United's agent, Williamson, was not preempted and that the Geskes had a valid ERISA claim against United for medical benefits. The only issue before us in this interlocutory appeal is whether the Geskes state law claim against United for fraudulent misrepresentation is preempted by ERISA.

After reviewing the record, reading the briefs of the parties, and hearing argument of counsel we conclude that properly characterized, the Geskes' claim seeks damages for United's failure to pay medical benefits under the COBRA provisions of United's policy, which was a part of the ERISA plan of Mr. Geske's former employer, Barnes Trucking Co. Because this action asserts a claim

---

[*]District Judge of the Western District of Louisiana, sitting by designation.

[**]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2

for ERISA benefits and damages for failing to timely pay those benefits, the district court correctly concluded that this action is preempted by ERISA.

AFFIRMED.