Angela CARPENTER and Kasey Carpenter, Individually and On Behalf of the Estate of Morgan Carpenter, Deceased,

v.

HARRIS COMMUNITY HEALTH f/k/a Harris Health Plan, Inc., Harris Methodist Health Plan, Inc., Harris Methodist Texas Health Plan, Inc., HMP Health Care Resources d/b/a Texas Health Resources, Pacificare Health Plan Administrators, Inc., Pacificare of Texas, Inc., and Pacificare Health Systems, Inc.

No. 4:00–CV–1617–Y.

United States District Court,
N.D. Texas,
Fort Worth Division.

June 25, 2001.

George Parker Young, Friedman Young Suder & Cooke, Fort Worth, TX, for Plaintiffs.

Gregory Patrick Blaies, Blaies & Hightower, Fort Worth, TX, for Defendants Harris.

John F. Gray, Cantey & Hanger, Fort Worth, TX, for Defendants Pacificare.

### ORDER GRANTING MOTION TO REMAND

MEANS, District Judge.

Pending before the Court is the Motion to Remand and Brief in Support Thereof filed by Plaintiffs. Having carefully considered all of the briefs regarding the motion, the Court concludes that the motion should be granted, for the reasons urged by Plaintiffs.

Plaintiffs originally filed suit in the 96th Judicial District Court of Tarrant County, Texas, asserting causes of action against their health-maintenance organization ("HMO") and related entities arising from the death of their infant daughter, Morgan. Plaintiffs contend that their primary-care physician failed to diagnose Morgan's congenital heart disease, which resulted in her death, and that their HMO is either

vicariously or directly responsible for Morgan's death. Specifically, Plaintiffs assert claims against their HMO for negligence and gross negligence and claims under the Medical Liability and Insurance Improvement Act, TEX. REV. CIV. STAT. ANN. Art. 4590i, the Wrongful Death Act and Survival Statute, TEX. CIV. PRAC. & REM. CODE ANN. §§ 71.001–71.051, and the Commercial Bribery Statute, TEX. PENAL CODE ANN. § 32.43.

Defendants Harris Community Health, formerly known as Harris Health Plan, Inc., Harris Methodist Health Plan, Inc., and Harris Methodist Texas Plan, Inc. ("the Harris HMO defendants") removed the case to this Court pursuant to 28 U.S.C. § 1441(a), contending that the exercise of federal-question jurisdiction is appropriate because certain of Plaintiffs' claims are completely preempted by the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq.* ("ERISA"). Plaintiffs seek remand, urging that ERISA does not completely preempt their claims and that, as a result, federal-question jurisdiction is lacking and removal therefore was improper.

■ The Harris HMO defendants, as the removing parties, have the burden of establishing that this Court has jurisdiction over Plaintiffs' claims. *See Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365 (5th Cir.1995). "[B]ecause the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns . . . ." *Id.* As a result, the removal statute must be strictly construed. *Id.* at 366. Remand is proper if there is any doubt about the existence of federal jurisdiction. *Delgado v. Shell Oil Co.*, 890 F.Supp. 1324, 1341 (S.D.Tex.1995).

■ The question of whether federal jurisdiction exists is determined according to the 'well-pleaded complaint rule.'

*Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9–10, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). Under this rule, "federal jurisdiction is lacking unless a federal question appears on the face of a properly pleaded complaint; a federal defense does not confer subject-matter jurisdiction." *In re U.S. Healthcare, Inc.*, 193 F.3d 151, 160 (3d Cir.1999). Unquestionably, Plaintiffs' petition does not assert a federal claim on its face.

■ The Harris HMO defendants contend that federal-question jurisdiction nevertheless exists, and that removal was therefore proper, based on the complete-preemption doctrine. The complete-preemption doctrine "functions as an exception to the well-pleaded complaint rule; 'Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character.'" *Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 336–37 (5th Cir.1999) (quoting *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63–64, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987)). If the state law upon which a plaintiff's claim is based is completely preempted, a federal question is presented regardless of how the plaintiff couches the claim, and removal to federal court is proper. *Id.* at 337. Nevertheless, complete preemption applies only in extraordinary circumstances; it requires a clear expression of congressional intent to make a cause of action removable. *Aaron v. National Union Fire Ins. Co.*, 876 F.2d 1157, 1163 (5th Cir.1989), *cert. denied*, 493 U.S. 1074, 110 S.Ct. 1121, 107 L.Ed.2d 1028 (1990).

■ Complete preemption occurs under ERISA when a state-law claim fits within the scope of the civil-enforcement provision found in section 502 of ERISA. *See* 29 U.S.C. § 1132; *Dukes v. U.S. Health-*

*care, Inc.,* 57 F.3d 350, 354 (3d Cir.), *cert. denied,* 516 U.S. 1009, 116 S.Ct. 564, 133 L.Ed.2d 489 (1995). ERISA's civil-enforcement provision establishes a federal cause of action whenever an ERISA-plan participant or beneficiary seeks to recover benefits due or to enforce or clarify rights under the plan. 29 U.S.C. § 1132(a)(1)(B). Additionally, a civil action may be brought under ERISA to obtain relief for a breach of the fiduciary duties or violations of the statutory reporting requirements established by ERISA. 29 U.S.C. § 1132(a)(1)(A) & (a)(2).

ERISA also contains a second type of preemption known as "ordinary" or "conflict" preemption. Section 514 of ERISA provides that ERISA's provisions "supersede any and all State common laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). Although section 514's "conflict" preemption has been broadly construed, it nevertheless is defensive in nature and therefore provides no basis for removal jurisdiction under the well-pleaded-complaint rule. *Giles,* 172 F.3d at 337. Thus, "when the doctrine of complete preemption does not apply, but the plaintiff's state claim is arguably preempted under § 514(a), the district court, being without removal jurisdiction, cannot resolve the dispute regarding [§ 514(a)] preemption." *Dukes v. U.S. Healthcare, Inc.,* 57 F.3d 350, 355 (3d Cir.), *cert. denied,* 516 U.S. 1009, 116 S.Ct. 564, 133 L.Ed.2d 489 (1995). Rather, it must remand to state court, and that court will resolve the § 514(a) preemption issue.

The Harris HMO defendants contend that removal was proper because certain of Plaintiffs' allegations attack the ERISA plan's administrative structure, system, operation, and management and therefore trigger ERISA complete preemption. Plaintiffs counter that their claims concern solely the quality of care their daughter received and the manner in which that care was improperly influenced by the Harris HMO defendants. Thus, the Court must determine whether Plaintiffs' "claim challenges the administration of or eligibility for benefits, which falls within the scope of § 502(a) and is completely preempted, or the quality of the medical treatment performed, which may be the subject of a state action." *Pryzbowski v. U.S. Healthcare, Inc.,* 245 F.3d 266, 274 (3d Cir.2001).

After reviewing the briefs and Plaintiffs' petition, the Court agrees with Plaintiffs and concludes that the Harris HMO defendants have failed to demonstrate that any of Plaintiffs' claims are completely preempted by ERISA. Plaintiffs simply do not seek to recover benefits or enforce rights under the plan or to clarify future benefits under the plan. Plaintiffs' claims do not challenge the administration of or eligibility for benefits or otherwise rest upon the terms of the ERISA plan, nor will resolution of the claims require construction of that plan. Rather, Plaintiffs' claims arise from the alleged inadequacy of the medical care that was provided to their daughter and the Harris HMO defendants' alleged influence over that care. Allegations virtually identical to those asserted in Plaintiffs' petition were recently examined in *Cyr v. Kaiser Foundation Health Plan of Texas,* 12 F.Supp.2d 556 (N.D.Tex.1998) and *Stewart v. Berry Family Health Center,* 105 F.Supp.2d 807 (S.D.Ohio 2000). The Court is persuaded by the reasoning employed in those cases and concludes, for similar reasons, that remand is required here.

It is, therefore, ORDERED that Plaintiffs' Motion to Remand [document number 3–1] is hereby GRANTED. All claims asserted in this cause are hereby REMANDED to the 96th Judicial District

Court of Tarrant County, Texas. The clerk of the Court shall transmit a certified copy of this order and the Final Judgment of Remand issued this same day to the state court's clerk.