**Rebekah FURSTONBERG and B.J. Furstonberg, Plaintiffs,**

v.

**Howard M. MINTZ, M.D. Jeffrey Bower, M.D. Kaiser Foundation Health Plan of Texas, Permanente Medical Association of Texas, Kaiser Foundation Hospitals, Texas Health Choice, L.C., and Medical Edge Health Care Group, Defendants.**

No. Civ.3:01–CV–1609–H.

United States District Court,
N.D. Texas,
Dallas Division.

Oct. 30, 2001.

George Parker Young, Friedman, Young, Suder & Cooke, Fort Worth, TX, for Plaintiffs.

Robert C. Brown, Johnson & Sylvan, Dallas, TX, for Howard M. Mintz, MD.

John Anthony Scully, Cooper & Scully, Dallas, TX, for Jeffrey Bower, MD, Kaiser Foundation Health Plan, Permanente Medical Ass'n, Kaiser Foundation Hospitals.

Joseph M. Gregory, Godwin & Gruber, Dallas, TX, for Texas Health Choices, LC.

### MEMORANDUM OPINION AND ORDER

SANDERS, Senior District Judge.

## I. BACKGROUND

In this case, as is more fully outlined in the record, the Furstonbergs bring medical malpractice claims against their doctors and the related insurance companies and hospitals. Plaintiffs allege that De-

fendant Bower was negligent in failing to properly diagnose Plaintiff Rebekah Furstonberg's end-stage emphysema. The Furstonbergs allege that Defendant Mintz was negligent because he informed Baylor Hospital that Mrs. Furstonberg smoked, when plaintiffs allege she did not. They also allege Dr. Mintz negligently failed to release Mrs. Furstonberg's medical records to Baylor and negligently terminated her as a patient. As for the insurance company and hospital defendants (hereinafter collectively "the Kaiser defendants"), plaintiffs claim negligence under the Texas Health Care Liability Act ("THCLA"), Tex.Civ.Prac. & Rem.Code § 88.001, *et seq.*, alleging the Kaiser defendants failed to exercise ordinary care when influencing, controlling, affecting, or participating in the care received by Furstonberg. Plaintiffs also claim the Kaiser defendants are vicariously liable for the negligent actions of Drs. Bower and Mintz under many theories—single enterprise, respondeat superior, joint enterprise and partnership, ostensible agency and agency by estoppel, partnership/joint venture, piercing the corporate veil, as well as indemnity and guarantee liability. The vicarious liability claim is apparently meant to improve plaintiffs' ability to recover for the THCLA claim. Plaintiffs also allege the defendants were grossly negligent by putting in place a system of healthcare delivery with conscious indifference to the injury it would cause.

This case was removed from the 193rd District Court, Dallas County, Texas. Defendants claim that at least some of Furstonberg's causes of action are preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA"). The plaintiffs filed a motion to remand, and that motion is now before the Court.

## II. LEGAL ANALYSIS

The Kaiser defendants argue that plaintiffs' claims are preempted by ERISA.[1] Specifically, they argue that Dr. Mintz was acting as a plan administrator at the time he telephoned Baylor regarding Furstonberg's referral for the transplant evaluation. The transplant evaluation was an ERISA plan benefit. Defendants also contend that plaintiffs' vicarious liability, THCLA, and gross negligence claims implicate the administration of benefits of the ERISA plan. Defendants correctly point out that challenges to benefits determinations and utilization review procedures are preempted. *See Corcoran v. United HealthCare, Inc.*, 965 F.2d 1321, 1330–31 (5th Cir.1992). The Court finds that defendants arguments fail and that this case should be REMANDED.

The question of federal jurisdiction is usually determined under the well-pleaded-complaint rule. *See Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9–10, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). However, the complete preemption doctrine functions as an exception to this rule. *See Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 336–37 (5th Cir.1999) (citing *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63–64, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987)). Thus, if the state law upon which a plaintiff's claim is grounded is completely preempted, a federal question

---

1. The Furstonbergs have also filed suit claiming denial of benefits under ERISA. *See Furstonberg v. Texas Health Choice, et al.*, No. 3:01–CV–1536–H (N.D.Tex. removed Aug. 8, 2001) (Sanders, J.) (hereinafter "the ERISA case"). In that case, the Furstonbergs seek an injunction ordering the defendants to turn over her medical records, provide an evaluation for a lung transplant, and provide a lung transplant if she is eligible. There is pending motion to consolidate the two cases.

is presented no matter how the claim is couched. *See id.* at 337. When a state law claim fits within the scope of the civil enforcement provision of § 502 of ERISA, it is completely preempted. *See Dukes v. U.S. Healthcare, Inc.,* 57 F.3d 350, 354 (3rd Cir.), *cert. denied,* 516 U.S. 1009, 116 S.Ct. 564, 133 L.Ed.2d 489 (1995). Of relevance to this case, ERISA's civil enforcement provisions create a federal cause of action whenever an ERISA-plan participant seeks to recover benefits due or clarify rights under the plan. *See* 29 U.S.C. § 1132(a)(1)(B). Section 514 of ERISA contains a second type of preemption referred to as "conflict" preemption which states ERISA's provisions supercede any and all state laws that may now or hereafter relate to any employee benefit plan. *See* 29 U.S.C. § 1144(a). Conflict preemption, though broad, is defensive in nature and provides no basis for removal under the well-pleaded-complaint rule. *See Giles,* 172 F.3d at 337. Thus, "when the doctrine of complete preemption does not apply, but the plaintiff's state claim is arguably preempted under § 514(a), the district court, being without removal jurisdiction, cannot resolve the dispute regarding [§ 514(a) ] preemption." *Dukes,* 57 F.3d at 355.

■ The Court must determine whether the plaintiffs' claims challenge the administration of or eligibility for benefits, which are completely preempted under § 502, or the quality of the medical treatment performed, which may be the subject of the state action. *See Carpenter v. Harris Community Health,* 154 F.Supp.2d 928, 931 (N.D.Tex.2001). Defendants have the burden of showing that jurisdiction over plaintiffs' claims is proper in this Court. *See Carpenter v. Wichita Falls Indep. Sch. Dist.,* 44 F.3d 362, 365 (5th Cir.1995). If there is any doubt regarding the existence of federal jurisdiction, re-

mand is proper. *See Delgado v. Shell Oil Co.,* 890 F.Supp. 1324, 1341 (S.D.Tex.1995).

In the previously cited *Carpenter v. Harris Community Health,* Judge Means in the Fort Worth division of this district granted a remand motion similar to the one presently before this Court. In that case, plaintiffs' infant daughter died of congenital heart disease that the primary care physician failed to diagnose. The plaintiffs brought suit only against the managed care entities ("HMOs") claiming that the HMOs were either directly or vicariously responsible for the infant's death due to negligence and gross negligence. Defendants argued these claims were completely preempted by ERISA. *See Carpenter,* 154 F.Supp.2d at 929–30. The court disagreed and remanded the case. Judge Means noted that plaintiffs did not seek to recover benefits or enforce rights under the plan, or clarify future benefits under the plan. Plaintiffs did not challenge administration of or eligibility for benefits or otherwise rely upon the terms of the ERISA plan. He also pointed out that resolution of plaintiffs' claims would not require construction of the ERISA plan. Plaintiffs' claims arose from the alleged inadequacy of the medical care provided and the HMO defendants' alleged influence over that care. *See id.* at 931. Judge Means pointed out that nearly identical claims had been remanded in *Cyr v. Kaiser Foundation Health Plan of Texas,* 12 F.Supp.2d 556 (N.D.Tex.1998) (McBryde, J.), and he found Judge McBryde's reasoning persuasive. *See id.*

The Defendants point to the recent *Calad* opinion of this Court in support of removal. *See Calad v. Cigna Healthcare of Texas, Inc.,* Civ. No. 3:00–CV–2693–H, 2001 WL 705776 (N.D.Tex. June 21, 2001) (Sanders, J.). Yet, that decision supports remand in this case. Calad challenged specific benefit decisions made by her

HMO pursuant to a utilization review procedure, namely the length of time she could remain in the hospital following a vaginal hysterectomy. The case challenged the quantity, not quality, of care she received; such challenges clearly fall under § 502 ERISA preemption. *See Corcoran*, 965 F.2d at 1331–34; *Calad*, 2001 WL 705776, at *4–5. The Furstonbergs make no such challenge in their suit; instead, they challenge the quality of care received from the doctors and the Kaiser defendants. The Furstonsbergs do not challenge the Kaiser defendants' utilization review procedure or any benefit determination made by the ERISA plan. *Calad* recognized that claims challenging the quality of care are not preempted. *See Calad*, 2001 WL 705776, at *2–3. Plaintiffs have satisfied the requirements laid out by this Court in *Calad* for not evoking complete ERISA preemption.

In addition to *Calad*, the defendants point to many cases where courts have "looked through" quality of care claims to find that the complaints were actually based on the administration of benefits by an ERISA plan. However, the Court finds these cases inapplicable to the present case. For example, in a recent case in this district relied on by the defendants, Judge Fitzwater denied a motion to remand. *See Roark v. Humana, Inc.*, Civ. No. 3:00–CV–2368–D, 2001 WL 585874 (N.D.Tex. May 25, 2001) (Fitzwater, J.). In that case, the plaintiff suffered a spider bite that developed into a serious wound. Roark alleged that Humana delayed or denied authorization for procedures to treat the wound. This delay resulted in Roark undergoing two amputation surgeries. Judge Fitzwater noted that ERISA's preemptive reach cannot be avoided by artful pleading; further, the court may look beyond the face of the complaint to determine if the quality of care claim is actually a claim regarding the administra-

tion of benefits under an ERISA plan. *See id.* at *1. Judge Fitzwater noted that the plaintiff made no claim of negligence against her treating doctors; similarly, no claim as to the quality of care was made. The one claim that challenged a medical procedure did not include a claim against a doctor, nurse, or hospital. *See id.* at *3. Judge Fitzwater held that plaintiff's THCLA claim was, in fact, a claim challenging the administration of benefits related to Roark's spider bite and preempted by ERISA § 502. *See id.* at *4.

As with *Calad*, *Roark's* reasoning supports remand in this case. Roark claimed that the authorization for treatments recommended by her doctor were either delayed or denied by Humana. This is a claim for denial of benefits as commonly understood in ERISA jurisprudence. Roark did not pursue negligence claims against the doctors or hospitals involved; in fact, for the most part, her pleadings cast her medical professionals in a very glowing light. *See id.* at *3. In contrast, the Furstonbergs' claims arise from allegedly negligent acts by her doctors. Liability against the Kaiser defendants is premised on their role in the doctors' negligent actions. This is a fine distinction, but it does fit within the preemption framework this Court outlined in *Calad*. Just as in *Calad*, the analytical framework outlined by Judge Fitzwater accepts that claims regarding the quality, not quantity, of care are properly remanded to the state court. *See id.* at *1–2.

### III. CONCLUSION

The plaintiffs, as masters of the complaint, have chosen to file this case separate from the ERISA case. In this case, plaintiffs seek recovery for allegedly negligent actions by the defendants spanning several years. In the ERISA case, plaintiffs seek the transplant evaluation they

claim was wrongly denied by the ERISA plan. No party disputes that the ERISA case is rightly before this Court. In "looking through" the Complaint in this case, the Court does not see a "quantity of care" claim masquerading as a "quality of care" claim. The defendants have failed to carry their burden establishing complete ERISA preemption in this case. Even if some of the Furstonbergs' claims are eventually shown to be preempted, this Court is not required to resolve that defensive issue. *See Cyr,* 12 F.Supp.2d at 567. As Judge Means pointed out in *Carpenter v. Harris Community Health,* if the plaintiffs challenge only the inadequacy of the medical care received, the case should be remanded. *See Carpenter,* 154 F.Supp.2d at 931. As defendants have failed to establish complete preemption by ERISA § 502, this case is **REMANDED.** Judgment will be entered accordingly.

**THE CLERK IS DIRECTED TO IMMEDIATELY FAX THIS MEMORANDUM OPINION AND ORDER TO COUNSEL.**

SO ORDERED.

### *JUDGMENT*

This Judgment is entered pursuant to the Court's Memorandum Opinion and Order dated October 29, 2001.

IT IS ORDERED, ADJUDGED AND DECREED by the Court that this suit be, and the same is hereby, **REMANDED** to the 193rd District Court, Dallas County, Texas. Costs are taxed to the defendants.